■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE MAYO, Appellant. [616 NYS2d 28] —Pursuant to the order and opinion of the United States Court of Appeals for the Second Circuit, affirming the granting of a writ of habeas corpus as to defendant, "unless the State affords Mayo an opportunity to present his appeal to the appropriate New York State court within 90 days for consideration of the *Rosario* issue as if it were properly and timely presented" *(Mayo v Henderson,* 13 F3d 528, 537), judgment of the Supreme Court, New York County (Eve Preminger, J.), rendered October 6, 1981, which convicted defendant, after trial by jury, of robbery in the first degree and two counts of robbery in the second degree, and sentenced him, as a second felony offender, to one term of imprisonment of 10 to 20 years and two terms of from 4 to 8 years, respectively, all to run concurrently, unanimously reversed, on the law, and the matter remanded for a new trial.

The prosecutor's failure to turn over the memo books of the two police witnesses, which constituted *Rosario* material *(People v Rosario,* 9 NY2d 286) was a *per se* error requiring that the conviction be reversed and a new trial ordered.

In *People v Ranghelle* (69 NY2d 56, 64-65), the Court of Appeals, in deciding co-defendant Buster's appeal, dealing with the same facts and issues before us herein, noted: "The memo book notes of the investigating officers * * * consisted of statements made by complainant Benitez, the prosecution's primary witness. They detailed his initial description of the robbery and the robbers and, as such, the information constituted *Rosario* material which should have been produced following Benitez's direct testimony". Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.